NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

_____ :
                                  :
LINWOOD COLA PARKER,              :
                                  :   Civil Action No. 14-4938 (RMB)
          Plaintiff,              :
                                  :
     v.                           :   **MEMORANDUM OPINION AND ORDER**
                                  :
DEPARTMENT OF JUSTICE,            :
                                  :
          Defendant.              :
_____ :

**BUMB**, District Judge:

   This matter comes before the Court upon Plaintiff's civil complaint, see Docket Entry No. 1 ("Complaint"), submitted without a filing fee or in forma pauperis application.  See id.

   Plaintiff is a federal inmate currently confined at the FCI Fort Dix, New Jersey.  See generally, Docket.  His imprisonment resulted from a conviction and sentence rendered by the United States District Court for the Eastern District of Virginia ("E.D. Va.").  See Parker v. Hollingsworth ("Parker-I"), Civil Action No. 13-4791 (D.N.J.), Docket Entry No. 1, at 3; see also USA v. Parker ("Parker-EDVA"), Crim. Action No. 07-0068 (E.D. Va.).

   On August 12, 2013, the Clerk docketed Plaintiff's § 2241 habeas petition challenging his E.D. Va. conviction.  See Parker-I, Docket Entry No. 1.  The Parker-I petition was followed by Plaintiff's $ 5.00 filing fee applicable to the district-level

habeas actions, see Parker-I, Docket Entry dated August 13, 2013, hence dispensing with this Court's need for in forma pauperis analysis.

This Court dismissed Plaintiff's Parker-I petition. The dismissal was for lack of jurisdiction. See Parker-I, Docket Entries Nos. 2 and 3. Plaintiff appealed, see id., Docket Entry No. 4, and his appeal is currently pending before the Court of Appeals for the Third Circuit. See id., Docket Entry No. 5. In connection with his appeal, Plaintiff prepaid the applicable filing fee of $ 505.00, hence dispensing with the Court of Appeals' need for an in forma pauperis analysis. See id., Docket Entry dated April 29, 2014.

Three months passed since that $ 505.00 payment, and – on July 29, 2014, – Plaintiff executed his Complaint at bar. See Instant Matter, Docket Entry No. 1, at 2. The Complaint sought production of documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, but arrived unaccompanied by the applicable $ 400.00 filing fee or Plaintiff's in forma pauperis application. See Instant Matter, Docket Entry No. 1.

The Clerk will not file the Complaint unless Plaintiff pays the entire $400 filing fee in advance or, in the alternative, duly applies for and is granted in forma pauperis status pursuant to 28 U.S.C. § 1915. See Local Civil R. 5.1(f). Thus, if Plaintiff is wishing to seek permission to file his Complaint in forma pauperis,

the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires him to establish eligibility.  Toward that end, he is obligated to submit his affidavit of poverty and, in addition, his certified prison account statement for the six-month period immediately preceding the filing of the Complaint.  See 28 U.S.C. § 1915(a)(2).[1]

Since Plaintiff did not prepay his $400 filing fee, and he failed to submit his affidavit of poverty and certified prison account statement, and his Complaint indicates that he is not in danger of imminent physical injury (which would have warranted conditional in forma pauperis status), he will be denied in forma pauperis without prejudice to timely seeking the same.[2]

---

[1]  The entire fee to be paid in a civil suit is $400.  That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400.  A prisoner who is granted in forma pauperis status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee.  If in forma pauperis is denied, the prisoner must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

[2]  This matter will be administratively terminated subject to reopening upon Plaintiff's timely submission of the documents required by the terms of this Memorandum Opinion and Order.  See Papotto v. Hartford Life & Accident Ins. Co., 731 F.3d 265, 275 (3d Cir. 2013) ("[A]dministrative closings [are not final dismissals on the merits; rather, they] are a practical tool used by courts to prune overgrown dockets and are particularly useful in circumstances in which a case, though not dead, is likely to remain moribund").

Moreover, if Plaintiff elects to submit his in forma pauperis application or prepay his filing fee, he would be obligated to file an amended pleading stating claims that could conceivably fall within this Court's judicial mandate.

As noted supra, Plaintiff is serving a prison term resulting from his E.D. Va. prosecution.[3]  Although his direct appeal was dismissed by the Fourth Circuit, and the E.D. Va. denied his original § 2255 motion and two following applications construed as quasi-second/successive § 2255 motions, and the Fourth Circuit affirmed all E.D. Va.'s findings, Plaintiff has continued exploring alternative routes to attack his conviction.  Believing that his indictment must have been a result of "a multi-year investigation" which had to yield an exceedingly voluminous file held by the E.D. Va. United States Attorney's Office ("OUSA"), see Instant Matter, Docket Entry No. 1, at 3, and hoping that such file could supply him with alternative grounds to challenge his conviction, he "filed a FOIA request for production of essentially all records [in the

---

[3]  Plaintiff was

convict[ed] after a jury trial of conspiracy to distribute and possess with intent to distribute [five kilograms or more of] cocaine, . . . possession with intent to distribute cocaine, . . . nine counts of using communication facilities to commit violations of the Controlled Substances Act, . . . and [being a] felon in possession of a firearm . . . .

United States v. Parker, 330 F. App'x 436, 437 (4th Cir. 2009).

4

OUSA's investigatory] file." _Id._[4]   The Office of Information Policy, United States Department of Justice, informed him that: (a) a search of the OUSA's documents was duly conducted by the Executive Office for United States Attorneys ("EOUSA"); (b) the search produced a total of 135 pages; (c) fourteen of those pages were released to Plaintiff in full; (d) two pages were produced to him at partial redaction; and (e) 119 pages were located but withheld.   _See id._ at 8.   The response clarified that the redactions/withholdings were pursuant to specified-in-the-response exceptions to the FOIA, albeit "[t]he redacted/withheld documents were [still in the process of being] reviewed [so] to determine if any information [contained therein] could be segregated [and offered] for release [to Plaintiff]."   _Id._

Displeased with that outcome, Plaintiff appealed administratively.  He requested release of all 135 pages located as a result of the search and, in addition, speculated that the search had to be either inadequate or executed in bad faith.  _See id._ at 11.

In response to his administrative appeal, the appellate office stated that it was

---

[4]  No FOIA request is needed if a criminal defendant seeks records for the documents presented during his trial, pre-trial or post-trial judicial proceedings, or the documents disclosed to the defendant under the evidentiary rules.

> remanding [Plaintiff's] request for further processing
> [by EOUSA as to the 135 pages that were located].  If
> EOUSA determines that records are releasable, it will
> send them to [Plaintiff] directly, subject to any
> applicable fee [and he] may appeal [administratively] any
> future adverse determination by EOUSA [as to the
> documents redacted or withheld].  As to [Plaintiff's]
> appeal concerning the adequacy of EOUSA's search for [the
> requested] records . . . , [it was] determined that
> EOUSA's response was correct and that it conducted an
> adequate, reasonable search for [the requested] records.

Id. at 14-15.

That appellate response was issued on June 4, 2014, and –
being read jointly with the Complaint at bar – indicates that the
EOUSA's re-review of the withheld/redacted pages is currently
underway, and no appeal as to that re-review was launched or
completed.  Therefore, no viable claim based on the redacted and
withheld pages is present, at this juncture, until the EOUSA re-
responds and the appellate office addresses Plaintiff's appeal
(from that EOUSA's re-response), if such is filed.  See Oglesby v.
U.S. Dept. of Army, 920 F.2d 57, 61 (D.C. Cir. 1990) ("Courts have
consistently confirmed that the FOIA requires exhaustion of this
appeal process before an individual may seek relief in the
courts").

Although Plaintiff clarified that he is well aware of the
exhaustion requirement, see Instant Matter, Docket Entry No. 1, at
1 (verifying Plaintiff's knowledge of the exhaustion requirement),

he nonetheless filed the Complaint at bar.[5]  The Complaint promised to "amend" Plaintiff's *thus-far-unpled* claims (based on the withheld/redacted pages) when he exhausts these claims.  See id. at 6.

In addition, the Complaint speculated that, since Plaintiff "had received [only] sixteen documents[, it must have meant that] something is clearly amiss," and sought the following relief:

> [Plaintiff] requests that [this Court would] order [the OUSA,] under *some type* of [C]ourt['s] *supervision*[,] to conduct a new and equitable search, [and to] provide an index of documents being withheld with appropriate

_____

[5]  To harmonize his unexhausted claims and his awareness of the exhaustion requirement, Plaintiff quoted a sentence from the administrative response reading, "If [Plaintiff is] dissatisfied with [the appellate office's] action on [his] appeal, the FOIA permits [him] to file a lawsuit in federal court in accordance with 5 U.S.C. § 552(a)(4)(b)."  Instant Matter, Docket Entry No. 1, at 3 (quoting id. ¶ 15).  Plaintiff's position is unavailing. The Subsection (b) states: "On complaint, the district court . . . has jurisdiction to enjoin the agency from *withholding* agency records and to order the production of any agency records *improperly withheld* from the complainant."  5 U.S.C. § 552(a)(4) (b) (emphasis supplied).  Here, there was no conclusive agency finding as to what record, if any, would be withheld: *that* issue was remanded for a re-determination.  Thus, at this juncture, Plaintiff's Subsection (b) attack could be limited to a challenge to that *remand*, the challenge that Plaintiff does *not* raise.  In contrast, Subsection (b) does not enable suit based on the challenge Plaintiff does raise, i.e., the claim that documents are non-existent or not found.  While the courts are occasionally presented with *hybrid* complaints raising both withholding and adequacy-of-the-search claims and filed when the withholding issue is duly exhausted and, thus, ripe for resolution, see, e.g., Rugiero v. United States Dept. of Justice, 257 F.3d 534, 547–48 (6th Cir. 2001), a self-standing adequacy-of-the-search falls outside Subsection (b) jurisdiction under the plain meaning of the Subsection: an agency cannot "withhold" a document the agency does not have or could not locate.

identifiers so [Plaintiff would be able to] amend his [C]omplaint."

Instant Matter, Docket Entry No. 1, at 5-6 (emphasis supplied) (also asserting that the appellate office's response cited merely FOIA exceptions, and that list of citations "provides {plaintiff} with] no insight as to the reason for redaction other than over-broad specifics [and, thus Plaintiff wishes to obtain] an index identifying the document and the specific reason justifying each document withholding in full"). That this Court cannot do. While the FOIA mandate envisions various forms of injunctive relief, the statute does not supply the courts with a mandate to direct "some type" of "supervision" of an administrative agency's performance of its duties.

"'[C]ourts are only empowered to decide cases and controversies' as our Article III jurisprudence defines them." Birdman v. Office of the Governor, 677 F.3d 167, 173, 56 V.I. 973 (3d Cir. 2012) (quoting Felmeister v. Office of Att'y Ethics, 856 F.2d 529, 535 (3d Cir. 1988)); see also U.S. Const. art. III, § 2. Moreover, when a litigant bases his claims on mere speculations and self-serving deducements that "something is clearly amiss," such allegations are dismissed for failure to state a claim upon which relief can be granted.

> Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . [A viable] complaint must contain sufficient *factual* matter . . . to "state a claim to relief that is plausible on

> its face." . . . The plausibility standard . . . asks for
> more than a sheer possibility that a defendant has acted
> unlawfully.   . . .

Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (emphasis supplied);

see also In re Synchronoss Secs. Litig., 705 F. Supp. 2d 367, 423

(D.N.J. 2010) (citing, inter alia, Kaplan v. United States Office

of Thrift Supervision, 104 F.3d 417, 423, 322 U.S. App. D.C. 374

(U.S. App. D.C. 1997), for the observation that a "something was

rotten in the state of Denmark" type of allegation is facially

insufficient); accord CareToLive v. FDA, 631 F.3d 336 (6th Cir.

2011) (addressing the same within a FOIA context).[6]

Analogously, this Court cannot order the OUSA to produce any

documents, indices, etc. to feed Plaintiff's hope that he might be

able, at some point in time, piece together a viable claim.  See

id. at 679 ("Rule 8 . . . does not unlock the doors of discovery

for a plaintiff armed with nothing more than conclusions").

---

[6]  In CareToLive, a plaintiff filed a FOIA request as to the
documents held by a certain federal agency.  The agency was slow
to respond to the request, but eventually released a small number
of documents and, upon the plaintiff's administrative appeal,
released one additional document and denied the plaintiff's
discovery motion.  Raising challenges substantively identical to
those raised here, the CareToLive plaintiff commenced a FOIA
action.  The district court and the Sixth Circuit found that the
agency's averment of sufficiency of search, and the facts stated
in support, established the search's adequacy, and plaintiff
failed to state any facts rebutting that showing.  Noting the
plaintiff's conclusory speculations that the agency must have
conducted an inadequate search were insufficient, the district
and circuit courts pointed out that self-serving deducements fail
to establish bad faith on the part of the agency.

Plaintiff's <u>de</u> <u>facto</u> concession that he has no claim as of now renders his challenges facially unripe, and his request for an order to the OUSA to conduct a "better," "more adequate," or "more equitable" search is application for an advisory opinion.   Thus, his claims and his application for relief are also subject to dismissal for lack of jurisdiction.   <u>See</u> <u>Keitel v. Mazurkiewicz</u>, 729 F.3d 278, 280 (3d Cir. 2013) ("'Courts enforce the case-or-controversy requirement through several justiciability doctrines,' which 'include . . . ripeness . . . and the prohibition on advisory opinions'") (quoting <u>Toll Bros., Inc. v. Twp. of Readington</u>, 555 F.3d 131, 137 (3d Cir. 2009)).[7]   For these reasons,

---

[7]   To the extent Plaintiff seeks a <u>Vaughn</u> index, which is an affidavit that details the agency's justification for claiming an exemption (<u>i.e.</u>, describes each redaction/withholding, states the exemption claimed for each redaction/withholding and the reason why the exemption is relevant), <u>see</u> <u>Patterson v. Fed. Bureau of Investigation</u>, 893 F.2d 595, 599 n.7 (3d Cir. 1990) (referring to <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973), <u>cert.</u> <u>denied</u>, 415 U.S. 977 (1974)), he is not entitled to obtain a <u>Vaughn</u> index. <u>See</u> https://ogis.archives.gov/the-ogis-library/vaughn-index_s1_p 214.htm ("the <u>Vaughn</u> ruling does not require that agencies prepare an itemized index of withheld documents[] in the context of the administrative process.  A requester whose FOIA request is pending in the administrative stage of processing[] is not entitled to a <u>Vaughn</u> index").  Indeed, even within the litigation process, a <u>Vaughn</u> index is not mandatory.  <u>See</u> <u>Barouch v. United States DOJ</u>, 962 F. Supp. 2d 30, 69 (D.D.C. 2013) ("Production of a <u>Vaughn</u> index is just one way that an agency can explain its response to a FOIA request – albeit a common one.  In order for a court to pass on the agency's action, the agency must submit a 'Vaughn index and/or accompanying affidavits or declarations' specifically showing why documents were redacted or withheld in full") (quoting <u>Defenders of Wildlife v. U.S. Border Patrol</u>, 623 F. Supp. 2d 83, 88 (D.D.C. 2009).

in the event Plaintiff submits his filing fee or completes his in forma pauperis application, he should accompany his submission by an amended complaint stating only the *facts* of his challenges.

In other words, Plaintiff must plead: (a) the facts supporting his *exhausted* claims that the documents located were unduly withheld or redacted; and (b) if he wishes to pursue his inadequacy-of-the-search claim, the facts *plausibly* showing that the EOUSA failed to make a good faith effort to conduct a search for the requested records by not employing the methods reasonably expected to produce the requested information. See Campbell v. United States Dep't of Justice, 164 F.3d 20, 27-28 (D.C. Cir. 1998).

IT IS, therefore, on this **13th** day of **August** 2014,

**ORDERED** that Plaintiff's application to proceed in this matter in forma pauperis is denied; and it is further

**ORDERED** that the Clerk shall terminate this matter by making a new and separate entry on the docket reading, "CIVIL CASE TERMINATED," without filing the complaint, Docket Entry No. 1, and without assessing the filing fee; and it is further

**ORDERED** that Plaintiff may have this matter reopened in the event he submits, within thirty days from the date of entry of this Memorandum Opinion and Order: (a) his filing fee of $400 or his complete in forma pauperis application; and (b) his amended

pleading executed in accordance with the guidance provided to him herein; and it is further

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail; and it is finally

**ORDERED** that the Clerk shall enclose in said mailing a blank in forma pauperis application for incarcerated individuals seeking to commence a civil action and a blank civil complaint form.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**